L. N. CALLAWAY, plaintiff in error, *vs.* JOHN B. WALLS, sheriff, *et al.*, defendants in error.

1. The affidavit foreclosing a merchant's lien must aver a demand for the payment of the debt upon the owner of the property levied on, a refusal to pay, and that the lien is prosecuted within one year after the debt became due.

2. An affidavit upon which to base the foreclosure of a chattel mortgage must allege that the defendant resides in the county of such proceeding.

Merchants' lien. Mortgage. Venue. Before Judge BARTLETT. Baldwin Superior Court. August Term, 1874.

For the facts, see the decision.

F. C. FURMAN ; L. H. BRISCOE, for plaintiff in error.

BENJAMIN W. BARROW, by brief, for defendants.

WARNER, Chief Justice.

The plaintiff in a lien *fi. fa.* ruled the sheriff of Baldwin county, calling upon him to return the papers placed in his hands into court, and show cause why he should pay to the plaintiff the money due on the *fi. fa.*. The sheriff answered the rule in writing, under oath, which was not traversed, and returned the papers into court, from which it appeared that a counter-affidavit had been filed by a contesting creditor, and the proceedings arrested. The court, upon an inspection of the affidavit foreclosing the lien upon which the execution issued, quashed the execution, and discharged the rule against the sheriff, whereupon the plaintiff excepted.

1. It appears on the face of the affidavit of foreclosure of the lien that the plaintiff had not averred therein a demand for the payment of his debt upon the owner of the property levied on, and his refusal to pay, or that the lien was prosecuted within one year after the debt became due, as required by the 1991st section of the Code, and that was one of the grounds upon which the contesting creditor attacked the plaintiff's lien on the property.

2. The foreclosure of the mortgage was not a valid foreclosure on personal property, because it was not alleged that the defendant resided in Baldwin county, where the mortgage was foreclosed, at the date of the foreclosure, or where he did reside. We find no error in the judgment of the court on the statement of facts disclosed in the record.

Let the judgment of the court below be affirmed.