## HARPER *vs.* GRAMBLING, SPALDING & COMPANY.

1. That a claim has been filed to personalty levied on under a mortgage *fi. fa.*, and the property found subject, does not prevent the claimant's filing an affidavit of illegality to the execution, presenting issues other than those passed upon in the claim case, she being also defendant in *fi. fa.*
2. The affidavit, which is the basis of the foreclosure of a chattel mortgage, must disclose that the defendant resides within the county where the foreclosure is had.

Illegality. Judgments. Mortgage. Claim. Before Judge LAWSON. Morgan Superior Court. March Term, 1880.

Reported in the opinion.

CALVIN GEORGE; J. H. HOLLAND, for plaintiff in error.

MCHENRY & MCHENRY; JACKSON & LUMPKIN, for defendants.

SPEER, Justice.

It appears from the record in this case, that on the 6th day of February, 1878, W. H. Harper and Ida B. Harper executed and delivered to R. B. Ethridge a chattel mortgage on one bay horse mule, to secure a debt for the sum of $80.00, due 1st October, 1878, by them to Ethridge; that on 10th April, 1878, the mortgage was transferred to defendants in error; on the 28th of March, 1879, the mortgage was foreclosed by defendants in error, and a mortgage *fi. fa.* issued and levied upon the mule mortgaged. To this levy Ida B. Harper interposed her claim to said property, "as not being the property of W. H. Harper and Ida Harper," "but is the property of deponent for her minor child, eight months old." The cause went to the superior court by appeal, and the property was found subject to the *fi. fa.*, said judgment dated 2d September, 1879. On the 10th September, 1879, Ida B. Harper filed her affidavit of illegality to the further proceeding of said execution on the grounds:

1st. That the property levied on is her property, and the debt which the mortgage was given to secure was that of her husband and the co-defendant, and that her name should only appear as security.

2d. Because at the time of executing said mortgage deponent was a minor, a fact well known to said Ethridge.

Said illegality having been brought before the superior court by appeal, it was agreed that the same should be submitted to the decision of the court without a jury, and that the record of the claim case between the same parties should be considered in evidence. It was also admit-

ted that the *fi. fa.* was proceeding against the claimant alone, and that the property levied on was her property. On the record evidence of the claim case being submitted, counsel for plaintiff in *fi. fa.* moved to dismiss the affidavit of illegality, on the ground "that the defendant, Ida B. Harper, having previously filed a claim to the property levied on, alleging that the same had been set aside as a homestead to her and her minor child, and the issue in said claim case having been found against her, she was estopped at this time from filing an illegality, although said illegality was based upon grounds different from that set forth in claim," which motion was sustained by the court, and the illegality dismissed, to which judgment plaintiff in error excepted, and assigns the same as error. In the further progress of the case plaintiff in error moved to quash the mortgage *fi. fa.*, on the ground "that there had been no valid foreclosure of said mortgage, because it was not alleged in the affidavit of foreclosure that defendants resided in Morgan county, where the mortgage was foreclosed, or where they did reside." This motion the court refused, "holding that the defendant, Ida B. Harper, having interposed the claim heretofore, was estopped from making said motion ; that the interposition of the claim was an admission on the part of the defendant of the validity of said mortgage *fi. fa.*" To which ruling defendant in *fi. fa.* excepted, and assigns the same as error.

1. Under section 3975 of the Revised Code, it is provided : "When an execution shall issue upon the foreclosure of a mortgage on personal property, as hereinbefore directed, the mortgagor, or his special agent, may file his affidavit of illegality to such execution, in which affidavit he may *set up and avail himself of any defense* which he might have set up according to law upon an ordinary suit upon the demand secured by the mortgage, and which goes to show that the amount claimed is not due."

Under this section of the Code the plaintiff in error was

entitled to be heard on *any defense* which she might have set up according to law upon an ordinary suit. She was entitled to show that she was only security for her husband, and therefore her contract was void; or to show she was an infant under 21 years of age, and not liable on this account.

The court below seemed to regard the verdict and judgment rendered on the issue made in the claim suit as having adjudicated the other questions she made in her affidavit of illegality. A claim case is allowed to be instituted to test the title of the defendant in *fi. fa.* to the property levied on, and this seems to have been, from the record, the only issue determined by that judgment. To claim property and assert title to it against a creditor seeking to subject it, is one issue our statute provides for. To file an affidavit of illegality to a mortgage *fi. fa.* issued against personal property by a mortgagor, and avail himself of *any defense* known to the law which goes to show the *amount claimed* is not due, is a very different issue, and separate and distinct from the other, and we do not see how the adjudication of the one is a bar in law to the prosecution of the other.

2. Further, during the progress of the case plaintiff in error moved to quash or vacate the mortgage *fi. fa.*, because the affidavit of foreclosure was defective in this that it failed to aver that the defendants resided in Morgan county, or as to where they did reside.

We are of opinion, if the affidavit of illegality had not been dismissed by the court on the grounds stated (erroneously as we think), it was the right of the defendant to have had the mortgage *fi. fa.* vacated on motion upon the grounds taken, this question having been settled by this court in 54 *Ga.*, 167, and *Rich vs. Colquitt, Governor, February Term*, 1880.

Let the judgment of the court below be reversed.